**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION**

| | | |
|---|---|---|
| ROBERT VERHEECKE, not personally, but as executory of the last will and testament of Romona D. Hinckley, deceased, | ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No.  09-cv-4066 |
| VICKI JONES, a/k/a Vicki Reans, | ) ) | |
| Defendant. | ) | |

**O R D E R  &  O P I N I O N**

This matter is before the Court on Defendant's Motion to Strike and/or Dismiss pursuant to Federal Rules of Civil Procedure 9(b) and 12(b)(6).  (Doc. 5). Plaintiff has responded in opposition to the Motion.  (Doc. 7).  For the reasons stated below, Defendant's Motion is granted in part and denied in part.

On October 6, 2004, Romona Hinckley appointed Defendant as her attorney in fact, which position Defendant held until Ms. Hinckley revoked the power of attorney on April 22, 2009.  Ms. Hinckley died on May 28, 2009, and Plaintiff was appointed the independent executor of her estate.  Plaintiff brought this suit under this Court's diversity jurisdiction on September 9, 2009, alleging that Defendant breached her fiduciary duties as attorney in fact to Ms. Hinckley by "ma[king] numerous expenditures of Ms. Hinckley's funds for purposes other than for the benefit of Ms. Hinckley."  (Doc. 1 at 3).  In addition, he claims that Defendant's alleged actions constitute "fraud toward [Ms. Hinckley] and a theft of her assets."

(Doc. 1 at 3).  There are no factual circumstances surrounding Defendant's alleged wrongful actions specifically stated in the Complaint, but an exhibit attached to and referenced in the Complaint lists "Transfers to Vicki Jones or for her benefit."  (Doc. 1 at 3; Doc. 1, Ex. 4).

In her Motion, Defendant acknowledges that Plaintiff alleges "breach of fiduciary duty" as one of the three claims made against her.  (Doc. 5 at 1).  However, Defendant does not address this claim in her Motion or Memorandum in Support, but yet requests dismissal of Plaintiff's entire Complaint.  As Defendant has made no argument for dismissal of the "breach of fiduciary duty" claim, the Court denies Defendant's motion as to that claim.

Plaintiff asserts that Defendant's actions in transferring Ms. Hinckley's property to herself also constitute fraud.  It appears that Plaintiff is attempting to make out a claim for constructive fraud, for which no false statement is required, as Plaintiff does not allege a false statement by Defendant to Ms. Hinckley.  Under Illinois' fact-pleading standard, "[t]o state a claim for constructive fraud, a plaintiff must allege facts establishing the breach of duty arising from a fiduciary or confidential relationship whereby the fiduciary has profited."  *Hoopingarner v. Stenzel*, 768 N.E.2d 772, 778 (Ill.App. 2002) (*citing Cessna v. City of Danville*, 693 N.E.2d 1264, 1272 (Ill.App. 1998).  If a fiduciary relationship exists, a transaction is presumed fraudulent if the fiduciary benefits from it.  *In re Estate of Miller*, 778 N.E.2d 262, 267 (Ill.App. 2002) ("If a petitioner shows that a fiduciary relationship exists, any transaction between parties in which the agent profits is typically

presumed to be fraudulent and the agent has the burden of proving by clear and convincing evidence that the transaction was fair and equitable and did not result from the agent's undue influence over the principal.").

Rule 9(b) is less onerous than Illinois' fact-pleading requirement. *Borsellino v. Goldman Sachs Group, Inc.*, 477 F.3d 502, 508 (7th Cir. 2007) ("Rule 9(b) does not require fact pleading") (*citing Bankers Trust Co. v. Old Republic Ins. Co.*, 959 F.2d 677, 683 (7th Cir. 1992)).   Under Federal Rule of Civil Procedure 9(b), the circumstances supporting allegations of fraud and mistake must be pled "with particularity."  The "circumstances" include "the who, what, when, where, and how: the first paragraph of any newspaper story." *DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990).  "Rule 9(b) must be read together with the general requirements of Rule 8(a) that plaintiff need only plead a 'short and plain statement' to give notice to the defendant of the nature of his claims….The purpose of Rule 9(b) is to give the defendant slightly more notice than under Rule 8." *G.T. Laboratories, Inc. v. Cooper Companies, Inc.*, 92-c-6647, 1994 WL 274982, *2 (N.D. Ill. June 17, 1994) (*citing Tomera v. Galt*, 511 F.2d 504, 508 (7th Cir. 1975); *Reshall Assoc., Inc. v. Long Grove Trading Co.*, 754 F.Supp. 1226, 1230 (N.D. Ill. 1990)).   Defendant asserts that Plaintiff's allegations of fraud are insufficient under Rule 9(b), as "[t]here is no allegation of what the fraud is, when the fraud occurred or where the fraud occurred." (Doc. 6 at 3).

Plaintiff's Complaint must be amended under Rule 9(b).   The fiduciary relationship between Defendant and Ms. Hinckley has been adequately pled with

particularity, as Plaintiff has stated how and when such relationship arose and has even provided documentation of creation of the power of attorney. (Doc. 1 at 2; Doc. 1, Exs. 2 & 3). *Miller*, 778 N.E.2d at 266 (fiduciary relationship established as a matter of law when power of attorney created). Exhibit 4, which is incorporated into the Complaint, lists each of the allegedly fraudulent transfers of property from Ms. Hinckley to Defendant. This table is a bare-bones statement of the types of allegedly fraudulent transfers, and is insufficient under Rule 9(b). The statements of "checks," "transfers," "charges," "withdrawals," or "debit card" do not adequately indicate when these transactions took place, nor how many of them there were, nor how Plaintiff has come to believe that they were for Defendant's benefit; the annuities, line of credit, and promissory notes similarly need to be described in more detail. Likewise, though Plaintiff obviously has some indication of the contents of the "letters" listed, he has failed to state their dates, and what the letters' purported effect was - it cannot be presumed that a mere letter is a fraudulent transfer without more detail. In addition, the individual expenditures for Petedge, mortgage interest, automobile maintenance, and IRS penalties and interest are insufficiently explained - they too need dates and an indication of why Plaintiff believes they were for Defendant's benefit. Finally, "missing jewelry" and "silverware" is inadequate either to describe the property, to state when it went missing, or to raise the inference that Defendant transferred it to herself.

Defendant argues that Plaintiff should have identified where these transactions took place. Though typically Rule 9(b) requires an allegation of

location, for most of these transfers the Court finds the requirement inapplicable. The ordinary Rule 9(b) case is predicated on a misrepresentation by the defendant to the plaintiff, which would take place at a specific place.  This claim, though, is predicated on the presumption of fraud where a fiduciary benefits from a transaction from the prinicipal, not on a misrepresentation.  Therefore, the location is not as important to the Defendant's ability to respond to the most of the claims against her as in the ordinary fraud case, and indeed, the Court cannot determine what the "location" of a check, online transfer, letter, annuity, or other payment would be.  On the other hand, the missing jewelry and silverware obviously had locations that could and should be alleged.

Finally, Defendant asserts that Illinois does not recognize a civil cause of action for theft.  (Doc. 6 at 3) (*citing Jacobs v. Paynter*, 727 F.Supp. 1212, 1220 (N.D. Ill. 1989)).  Plaintiff concedes that Illinois does not recognize such a cause of action, and consents to the dismissal of this claim.

IT IS THEREFORE ORDERED that Defendant's Motion to Strike and/or Dismiss (Doc. 5) is GRANTED IN PART and DENIED IN PART.  Plaintiff SHALL submit an Amended Complaint that describes with particularity the allegedly fraudulent transactions, and that omits the theft claim, within fourteen days of the date of this Order.  This matter is referred to Magistrate Judge Gorman for further pretrial proceedings.

Entered this <u>18th</u> day of March, 2010.

s/ Joe B. McDade
_____
JOE BILLY McDADE
United States Senior District Judge
